

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

May 11, 2015

By Hand and ECF

Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Doris Henriette Yembe
             Criminal Docket No. 14-M-403 (RML)

Dear Judge Levy:

      The government respectfully submits this letter in opposition to the defendant Doris Henriette Yembe's pro se motion ("Yembe Mot.") to dismiss the complaint, which was filed on February 17, 2015.  (Docket No. 58: Motion to Dismiss Complaint.)  In her motion, the defendant appears to argue that the Court should dismiss the complaint in the above-captioned case because the conditions at the Metropolitan Detention Center "are substantially harsher" than those at a federal prison camp.  See Yembe Mot. at 1.  For the reasons set forth below, the Court should disregard the defendant's pro se motion or, in the alternative, deny it as meritless.

    I.    The Court Should Disregard the *Pro Se* Motion

      The Court should disregard the defendant's pro se motion in its entirety.  Although criminal defendants possess both the right to appear pro se and to be represented by counsel, ordinarily "those rights cannot both be exercised at the same time." Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1977), cert. denied, 435 U.S. 976 (1978).  As a result, the Second Circuit has held that "a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989) (citing Ennis, 560 F.2d at 1075; United States v. Cyphers, 556 F.2d 630, 634 (2d Cir.), cert. denied, 431 U.S. 972 (1977)), cert. denied, 493 U.S. 1081 (1990).  While a district court does have the discretion to permit so-called "hybrid representation," Tutino, 883 F.2d at 1141, it should not do so unless a defendant can offer a "compelling reason," id., or show that "the interests of justice [would be] served by a

defendant's supplementation of the legal services provided by his retained counsel." United States v. Swinton, 400 F. Supp. 805, 806 (S.D.N.Y. 1975).

Courts in this district have consistently refused to allow criminal defendants represented by counsel to simultaneously make pro se filings or appear pro se. See, e.g., United States v. Wolfish, 525 F.2d 457, 462 (2d Cir. 1975), cert. denied, 423 U.S. 1059 (1976) (finding that the defendant "had an experienced counsel and, so long as he retained him, he could not appear pro se"); Abdul-Matiyn v. Coughlin, 24 F. App'x. 97, 99 (2d Cir. 2001) (finding that "so long as [the defendant] was represented by counsel, he could not appear pro se"); Tutino, 883 F.2d at 1141 (refusing to permit defendant to serve as co-counsel); United States v. Muyet, 985 F. Supp. 440, 441 (S.D.N.Y. 1998) (denying defendant's motion to submit pro se amendments to his attorney's post-trial motions); United States v. D'Souza, No. 88-CR-0374, 1992 WL 151920, at *2 (E.D.N.Y. Jun. 17, 1992) (Sifton, J.) (denying defendant's pro se motions without prejudice to later presentation through counsel).

Here, neither Yembe nor her counsel has moved for an order permitting Yembe to act as co-counsel; nor has Yembe presented any "compelling reason" that she should be permitted to file pro se motions alongside the motions that counsel may submit in this matter. Further, the defendant has not shown that the "interests of justice" would be served by parallel filings. To the contrary, by making such filings, the defendant runs the risk of "making an unwary admission or a statement contradicting one of [her] earlier" statements, or may prevent counsel from raising issues "in a more competent manner." D'Souza, 1992 WL 151920, at *2. Accordingly, the Court should disregard the defendant's pro se motion.

II.     The Court Should Deny the *Pro Se* Motion

If the Court does not disregard the defendant's pro se motion, the Court should deny it in its entirety, as it has no basis in fact or law.

Federal Rules of Criminal Procedure 3 and 4 govern the requirements of a criminal complaint. To be valid, a criminal complaint must state "the essential facts constituting the offense charged . . . [and] be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States." Giordenello v. United States, 357 U.S. 480, 492 n.3 (1958) (citing Fed. R. Crim. P. 3). Furthermore, the complaint must set forth "probable cause to believe that an offense has been committed and that the defendant has committed it . . . ." Id. (citing Fed. R. Crim. P. 4(a)).

Here, this Court previously found that there was probable cause to believe that the defendant committed wire fraud, in violation of Title 18, United States Code, Section 1343. (Docket No. 1: Complaint.) The defendant's pro se motion does not allege that the Court's determination was erroneous; instead, the defendant asks the Court to dismiss the

2

complaint due the conditions at the Metropolitan Detention Center, where she is being detained. See Yembe Mot. at 1. Because the defendant's request does not present a valid legal or factual challenge to the complaint, it must be denied.

                Respectfully submitted,

                KELLY T. CURRIE
                Acting United States Attorney

By:   /s/ Christopher L. Nasson
       Christopher L. Nasson
       Assistant U.S. Attorney
       (718) 254-6411

cc:   Deborah A. Colson, Esq. (by ECF)
      Clerk of Court (RML)